IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME T. O'MEARA, <br>   Pro Se <br><br>        Plaintiff, <br><br> v. <br><br> K.C. WATERS, SETTLEMENT OFFICER, IRS, <br><br>        Defendant. | * <br> * <br> * <br> *     Civil Case No. RDB 05-3363 <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jerome T. O'Meara ("O'Meara"), proceeding in proper person, has filed a complaint in this action against K.C. Waters ("Waters"), an employee of the Internal Revenue Service. The complaint alleges a violation of O'Meara's due process rights under the Fifth Amendment to the United States Constitution. The complaint was filed in this Court on December 15, 2005, under 28 U.S.C. §1361. Pending before this Court is Waters' Motion to Dismiss O'Meara's claim against her for ineffective service of process and lack of subject matter jurisdiction. For the reasons set forth below, the Defendant's Motion to Dismiss is DENIED with respect to the ineffectual service of process claim, but GRANTED with respect to a lack of subject matter jurisdiction.

BACKGROUND

On May 28, 2004, the Internal Revenue Service ("IRS") issued O'Meara a Notice of Deficiency and Notice of Intent to Levy in regard to deficiencies in his 1999, 2000, 2001 and 2002 tax returns. Upon receiving the Notice, O'Meara submitted a timely request for a face-to-face collection due process ("CDP") hearing. By letter dated July 29, 2005, an IRS settlement

1

officer informed O'Meara that the issues he raised in his hearing request were considered frivolous and that the Appeals Office would not provide a face-to-face hearing.  The officer advised O'Meara to describe any legitimate issues that might warrant a face-to-face hearing and to submit a completed financial statement and verification that particular tax forms for 2003 and 2004 had been filed and paid.  In addition, the officer scheduled a telephone hearing for August 31, 2005.

O'Meara responded by letter dated August 5, 2005, disagreeing with the determination that the issues he raised were frivolous and stating that a face-to-face hearing should be provided.  In a letter dated August 9, 2005, Waters responded to O'Meara's follow-up request.  She informed O'Meara that the information in his August 5, 2005 letter was insufficient to approve a face-to-face hearing, reiterating that O'Meara's issues were frivolous.  She also noted that O'Meara failed to submit requested financial information, did not file a delinquent return, and did not make any proposal to pay the delinquent liabilities.  Further, she offered O'Meara the opportunity to discuss any relevant challenges during the August 31, 2005 telephone conference or by future correspondence.  By letter dated August 29, 2005, O'Meara again requested a face-to-face hearing.  O'Meara did not call the IRS office on August 31, 2005 for his scheduled telephone hearing.

On December 15, 2005, O'Meara, proceeding without counsel filed suit in this Court *pro se*.  On March 23, 2006, Waters filed a Motion to Dismiss the Plaintiff's Complaint, claiming ineffective service of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) (Paper No. 6).  While Waters seeks dismissal under Rule 12(b)(6), the issues raised in the motion relate to this Court's subject matter jurisdiction over the action pursuant to Rule 12(b)(1).  Thus, this

Court must review the dismissal motion pursuant to Rule 12(b)(1).[1]  On April 11, 2006, O'Meara filed a Response in Opposition to Defendant's Motion to Dismiss (Paper No. 8).

STANDARDS OF LAW

**V.      Rule 12(b)(5)**

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5).  Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.  *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).  Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court.  *Karlson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).  When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.  *Armco*, 733 F.2d at 1089.

**II      Rule 12(b)(1)**

Under Federal Rule 12(b)(1), pursuant to which a defendant can challenge a court's subject matter jurisdiction, it is the plaintiff who must prove that subject matter jurisdiction exists.  *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  Federal courts are courts

---

[1]As discussed *infra*, O'Meara's claim implicates the Anti-Injunction Act ("AIA"), which prohibits any court from maintaining a suit that seeks to restrain the assessment or collection of any tax.  26 U.S.C. § 7421(a).  The United States Court of Appeals for the Fourth Circuit reviews such claims within a jurisdictional framework.  *E.g.*, *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401) (4th Cir. 2003) (reviewing district court dismissal of taxpayer claim against IRS employees for lack of jurisdiction under AIA pursuant to 12(b)(1)); *Estate of Michael ex rel. Michael v. Lullo*, 172 F.3d 503 (4th Cir. 1999) (same).

of limited jurisdiction, possessing only that power authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.,* 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986)); *Bowman v. First National Bank of Harrisonburg*, 388 F.2d 756, 760 (4th Cir. 1968). For example, Article III of the Constitution extends federal court jurisdiction to cases arising under the Constitution and federal laws, and cases involving diversity of citizenship. U.S. CONST. art. 3, § 2, cl. 1. A case must be entirely dismissed by a federal court if the federal court determines that it lacks subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006).

## DISCUSSION

**I.     Service of Process**

Waters seeks to dismiss the complaint pursuant to Rule 12(b)(5) because O'Meara did not serve a summons and copy of the complaint upon Waters personally. Rule 4 provides that where a federal employee is sued in an *official* capacity, service of process is effected by sending a copy of the summons and complaint *via* certified or registered mail to the employee, and serving process upon the United States. FED. R. CIV. P. 4(i)(2). Service upon the United States is accomplished by personal service upon the United States Attorney for the district in which the action is brought and service by certified or registered mail upon the Attorney General of the United States. FED. R. CIV. P. 4(i)(1). Where the employee is sued in an *individual* capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States, service is effected by delivering a copy of the complaint to the individual personally or by leaving copies at the individual's dwelling (in the manner prescribed by Rule 4(e)), and complying with the aforementioned requirements for service upon the United States. FED. R.

4

Civ. P. 4(i)(2)(B).  Here, O'Meara sent copies of the summons and complaint by certified mail to Waters at her place of employment, and complied with the requirements for service upon the United States.  Thus, the determination whether service was properly effected on Waters, a United States employee, depends on whether O'Meara is suing her in an official or individual capacity.

Waters was clearly acting within her official capacity as an Appeals Officer pursuant to 26 C.F.R. § 301.6330 and Internal Revenue Manual § 8.6.1.2.5 when she denied O'Meara's request for a face-to-face Appeals hearing.[2]  Thus, this Court concludes that O'Meara properly effectuated service of process by sending Waters a copy of the summons and complaint by certified mail.  Waters' motion to dismiss the claim based on improper service of process is DENIED.

## II.     Subject Matter Jurisdiction

O'Meara seeks a writ of mandamus to compel an IRS employee to act.  To assess whether jurisdiction is proper in this case, this Court must interpret two competing statutes.  The positive grant of jurisdiction is found in the Mandamus and Venue Act ("MVA") 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

---

[2] 26 C.F.R. § 301.6330-1(d)(2)Q&A-D6 provides that CDP hearings do not require the Appeals Officer and the taxpayer to hold a face-to-face meeting; Internal Revenue Manual § 8.6.1.2.5(2) provides that Appeals will not offer or allow face-to-face conferences for taxpayers who only raise frivolous issues or other issues that Appeals does not consider. *Cf. White v. Boyle*, 538 F.2d 1077, 1080 (4th Cir. 1976) (affirming the district court's conclusion that IRS employees sued by taxpayer for constitutional violations were protected from liability by official immunity because they were acting within the scope of their authority in investigating taxpayer); *Nicholson v. Jaecksch*, 679 F. Supp. 518, 521 (D. Md. 1987) (noting that defendant IRS officials were acting within their official capacities when seizing vehicle of taxpayer who failed to pay federal tax liability).

perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  The limiting jurisdictional statute, the Anti-Injunction Act ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  While the MVA grants district courts jurisdiction over any suit seeking mandamus, it does not override the AIA.  *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999).  To prevail, therefore, O'Meara must demonstrate that his claim does not implicate the AIA or that it fits within the narrow exception to the AIA, which allows plaintiffs to bring suit upon proof of irreparable injury and certainty of success on the merits.  *Id.*

      A.      **Implication of the Anti-Injunction Act**

The Supreme Court of the United States has interpreted the principal purpose of the AIA to be the protection of the Government's need to assess and collect taxes as expeditiously as possible "with a minimum of preenforcement judicial interference" and "to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974).  O'Meara claims that his suit does not implicate the AIA because he is asserting his due process right to a face-to-face hearing and not challenging the levied tax liabilities.  (Compl. ¶ 6,7.)  However, the Unites States Court of Appeals for the Fourth Circuit has interpreted the AIA to extend broadly "beyond the mere assessment and collection of taxes to embrace other activities ... that are intended to or may culminate in the assessment or collection of taxes." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003); *see also Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760 (1974) (noting that the constitutional nature of a taxpayer's claim "is of no consequence under the Anti-Injunction Act").  This Court concludes that an Appeals Officer's decision to deny a face-to-face CDP hearing falls within the

6

broad scope of activities that are intended to or may culminate in the assessment or collection of taxes. Thus, O'Meara's claim implicates the Anti-Injunction Act.

### B. Application of the Exception to the Anti-Injunction Act

The Supreme Court has recognized an exception to the Anti-Injunction Act, which allows plaintiffs to bring suit upon proof of two factors: 1) irreparable injury, and 2) certainty of success on the merits. *Bob Jones Univ.*, 416 U.S. at 737 (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6-7 (1962)).

#### 1. Irreparable Injury

The availability of an adequate, alternative legal remedy negates a claim of irreparable injury. *See Bob Jones Univ.*, 416 U.S. at 743 n.16 ("The Anti-Injunction Act was written against the background of general equitable principles disfavoring the issuance of federal injunctions against taxes, absent clear proof that available remedies at law were inadequate."); *cf. United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11 (1974) (inadequacy of available remedies goes to prove irreparable harm). It is well established that under ordinary circumstances, the availability of a refund suit constitutes such an adequate, alternative remedy. *Id.*; *Americans United*, 416 U.S. at 762; *Bob Jones Univ.*, 416 U.S. at 746; *Lullo*, 173 F.3d at 510; *Int'l Lotto Fund v. Va. State Lottery Dep't.*, 20 F.3d 589, 591 (4th Cir. 1994). Here, O'Meara can challenge the validity of the assessed tax liability through a refund suit, and he alleges no extraordinary circumstances that bring his case outside the scope of the general rule. *Cf. Lullo*, 173 F.3d at 510 (circumstances deemed to be extraordinary where the actions of the IRS were "transparently baseless" in pursuing a tax assessment after the statute of limitations clearly barred collection or assessment of further taxes). In addition to a potential refund suit, O'Meara had a right to appeal the determination from the CDP hearing within 30 days. 26 U.S.C. § 6330(d). O'Meara's

"Notice of Determination" was dated October 17, 2005 (Compl. ¶ 16), which gave O'Meara until November 16, 2005 to file his appeal. Because O'Meara failed to file a timely appeal, he failed to take advantage of an available, adequate legal remedy. Thus, he cannot demonstrate irreparable injury.

### 2. Success on the Merits

Mandamus is a drastic remedy, to be invoked only in extraordinary situations. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). A plaintiff may invoke the federal courts' extraordinary power to issue a writ of mandamus only by proving the co-existence of three elements: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *Lullo*, 173 F.3d at 512-13.

#### i. Clear Right to the Relief Sought

The IRS must provide taxpayers written notification of the agency's intent to levy, an opportunity for an independent pre-levy CDP hearing by the IRS Appeals Office, and judicial review of the Appeals Office determination. 26 U.S.C. § 6330; 26 C.F.R. § 301.6330-1 (2000). O'Meara claims he was denied his due process rights because the Appeals Officer denied his request for a face-to-face CDP hearing. Pursuant to federal law, if a person requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." 26 U.S.C. § 6330(b). However, the statute does not require that the hearing be held in person, and the applicable regulations specifically state that these hearings are "informal in nature and do not require ... a face-to-face meeting. A CDP hearing may, but is not required to, consist of a face-to-face hearing." 26 C.F.R. § 301.6330-1(d)(2)Q&A-D6.

Further, the IRS Internal Revenue Manual provides that "[f]ace-to-face conferences will no longer be offered or allowed for taxpayers who only raise frivolous issues, or other issues that Appeals does not consider such as those concerning moral, constitutional, religious, conscientious, political or similar grounds." Internal Revenue Manual § 8.6.1.2.5(2). The Manual also provides that "[t]axpayers who do not qualify for face-to-face conferences will instead be offered their choice of a telephone conference or a conference by correspondence." *Id.*

Other courts have concluded that the IRS does not violate statutory or constitutional rights by denying a face-to-face hearing based on the taxpayer's failure to assert any relevant issues to discuss at the hearing. *See e.g.*, *Tilley v. United States*, 270 F. Supp. 2d 731, 740 (M.D. N.C. 2003) ("Neither the Internal Revenue Code nor the Constitution requires a person-to-person hearing before a levy determination is made, and even a hearing by correspondence is sufficient to satisfy due process. In this case, because [petitioner] was given the opportunity for a telephone conference in which he discussed the substance of his case with an Appeals Officer, he received the process due under § 6330 and the Constitution. Therefore, his claim must be denied as a matter of law."), *aff'd*, 85 F.App'x 333 (4th Cir. 2004); *Quigley v. United States*, 358 F. Supp. 2d 427, 421 (E.D. Pa. 2004) (holding that hearing requirements were met where the plaintiff was offered a face-to-face hearing on the condition that he be prepared to discuss relevant issues pertaining to the tax liability).

Here, Waters denied the face-to-face hearing based on a determination that O'Meara only cited issues that "[c]ourts have determined are frivolous or groundless" or that "Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds."

9

(Compl. Ex. 1.)³  Waters offered O'Meara the opportunity to discuss his case *via* a telephone conference or correspondence.  Thus, this Court finds that O'Meara cannot demonstrate with certainty a clear right to the relief sought.⁴

### ii.      Clear Duty to Do the Particular Act Requested by the Petitioner

The preceding discussion on O'Meara's right to the relief sought is also applicable to whether Waters had a clear duty to grant O'Meara a face-to-face hearing.  It is clear that the IRS statute and regulations do not require an Appeals Officer to grant a face-to-face hearing where the taxpayer fails to cite any relevant issues to be discussed at the hearing.  Thus, this Court determines that O'Meara cannot demonstrate with certainty that Waters had a clear duty to provide him with a face-to-face hearing.

### iii.     Another Available Adequate Remedy

As discussed *supra*, this Court concludes that O'Meara's available, adequate remedy is refund proceedings.

---

³Issues cited by O'Meara include: "The Internal Revenue Service has failed or refused to identify the statute which they claim makes me liable for any tax they allege I owe"; "The Internal Revenue Service has failed or refused to identify the source of any authority to make a determination that I am a "taxpayer" as defined within IRC section 7701(a)(14), yet is acting on the presumption that such a determination has been made"; and "The Internal Revenue Service lacks any statutory authority to institute levy actions against any person who has not been made liable for a tax by statute, but according to the notice sent, intends to initiate them against me nevertheless."  (Def.'s Mem. Mot. Dismiss Ex. 1.)

⁴O'Meara contends that Waters denied him the opportunity to make an audio recording of his hearing by denying his request for a face-to-face hearing.  However, based on this Court's conclusion that O'Meara cannot demonstrate a clear right to a face-to-face hearing, it follows that he cannot demonstrate a clear right to an audio record of his Appeals hearing.  *See* 26 I.RC. § 7521 (directing IRS employees to fulfill taxpayer requests to make an audio recording of any *in-person* interview relating to the determination or collection of any tax, at the taxpayer's own expense and with the taxpayer's own equipment) (emphasis added); Internal Revenue Manual § 8.6.1.2.5(1) (allowing audio tape recordings of Appeals hearings if the taxpayer qualifies for a face-to-face conference).

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

/s/
Richard D. Bennett
United States District Judge

Date: October 4, 2006.